UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. GODWIN,<br><br>            Plaintiff,<br><br>     vs.<br><br>ADAM CHRISTIANSON, et al.,<br><br>            Defendants. | 1:13-cv-00950-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 8.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.    BACKGROUND**

Mark A. Godwin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this case on June 21, 2013. (Doc. 1.)

On July 5, 2013, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened Plaintiff's Complaint and issued an order on October 18, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 7.) On November 18, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 8.)

## II. SCREENING REQUIREMENT

The in forma pauperis statutes provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at California State Prison-Solano in Vacaville, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue occurred at the Stanislaus County Jail in Modesto, California, and the Honor Farm, when Plaintiff was housed at those facilities. Plaintiff names as defendants Adam Christianson (Sheriff, Stanislaus County), the Stanislaus County Board of Supervisors,

and an unspecified number of Doe Defendants (Captains, Lieutenants, Sergeants, and Deputy Jailers).

Plaintiff's First Amended Complaint arises from allegations that Plaintiff was denied the means to access the courts while housed at the Stanislaus County Jail (Jail) and the Honor Farm. Plaintiff alleges that between April 2011 and May 2013, during time periods when he was housed at the Jail and the Honor Farm, he was denied photocopies of his legal documents; was told that the Jail facility did not log outgoing legal mail; mailed legal documents to the Superior Court and did not receive a response from the court; filed grievances complaining about procedures at the Jail hindering his ability to prepare and file legal documents; filed a habeas corpus case; had legal documents refused for filing by the Clerk of the Superior Court; submitted Legal Information Providers Forms at the Jail requesting various legal materials that were not provided; was refused assistance in preparing proofs of service forms; and had no access to a law library or legal assistance.

Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

**Denial of Access to Courts**

Prisoners have a constitutional right to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Bounds v. Smith, 430 U.S. 817,

824–25, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  Within this right to access the courts is the right for prisoners to prepare legal documents without active interference from prison officials.  Id. at 350; Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials.").  However, to claim a violation of this right, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference.  Lewis, 518 U.S. at 350.  In other words, he must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him.  Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.").

Plaintiff does not allege facts in the First Amended Complaint showing that he suffered an actual injury as defined above.  Plaintiff alleges that defendants caused him difficulties and delays in the preparation, filing, and service of his legal documents, but plaintiff does not allege any facts showing that he was prevented from filing or litigating a direct criminal appeal, habeas petition, or civil rights action.  Plaintiff has not alleged any facts linking the conduct of any individual defendant that caused him to receive an unfavorable decision in any particular case.  Accordingly, Plaintiff fails to state a claim for denial of access to the courts upon which relief may be granted under section 1983.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under § 1983 against any of the defendants.  In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend

should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 16, 2014**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE